Seth E. Chastain, WSBA No. 43066
Ryan C. Sobotka, WSBA No. 51217
LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Avenue, Suite 1850
Seattle, WA 98101
T/F: 206.626.5444

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| C. SUSAN WEILER YANCEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE TREES HOMEOWNERS' ASSOCIATION, an unincorporated association; RON FAUVER; KEVAN SCHNEIDMILLER; BARBARA OCHSNER; and GLENDA RUMB,<br><br>Defendants. | Case No.:<br><br>COMPLAINT |

For her causes of action, plaintiff, C. Susan Weiler Yancey ("Ms. Weiler" or "Plaintiff"), alleges the following. Each allegation incorporates, by this reference, all preceding allegations contained herein.

//

## I. PARTIES

1. Plaintiff is the owner of a condominium unit and real property located at 364 Catherine Street, Unit F-11, Walla Walla, Washington 99362 (the "Unit"), which is part of the Trees Condominium Community.

2. Defendant The Trees Homeowners' Association ("Trees HOA") is an unincorporated association, and makes and enforces rules for the Trees Condominium Community.

3. Defendants Ron Fauver, Kevan Schneidmiller, Barbara Ochsner, and Glenda Rumb serve on the Board of Directors for the Trees HOA (the "Board"), took actions as alleged herein, and reside in Walla Walla, Washington.

## II. VENUE AND JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. §§3604, 3613, and 3617.

5. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. §1367.

6. Venue is proper in this District under 28 U.S.C. §1391 because the events or omissions giving rise to the claims asserted in this action occurred in this District.

## III.   FACTS

7. Ms. Weiler is 73 years old and has owned her Unit at the Trees Condominium complex since September 2018.

8. On or around February 18, 2021, Ms. Weiler slipped and fell on the concrete stairs leading to her Unit.

9. As a result of the fall, Ms. Weiler sustained multiple fractures of her tibia and fibula in her right leg, which required surgery to piece the bones back together and insertion of a metal rod in her tibia.

10. While hospitalized, Ms. Weiler's recovery team at Providence St. Mary's advised Ms. Weiler that she should request improvements to the common-area stairs so that Ms. Weiler could more safely access and reside in her Unit.

11. The hospital declined to release her from the hospital to her Unit without such improvements.

12. Ms. Weiler contacted the Board by phone to ask whether the basement stairs could be improved with anti-skid tape or rubber mats.

13. On or about February 23, 2021, the Board denied her request.

14. On or about July 29, 2021, Ms. Weiler requested that the Trees HOA provide her with reasonable accommodations so that she could utilize her Unit in light of her disability. To avoid any cost to the Trees HOA, Ms. Weiler suggested

that the Trees HOA temporarily lift its objection to her Unit's rental status to defray the cost of alternative housing while recovering from her debilitating fall.

15.     On or about August 5, 2021, Ms. Weiler visited her surgeon who advised her that her injuries were complex and she should expect at least one full year for recovery. Her surgeon recommended either appropriate non-skid steps (*e.g.*, marine anti-skid tape or indoor-outdoor carpet instead of paint) and handrails on the 16 access stairs; or alternative living arrangements so she could avoid the stairs altogether.

16.     On or about August 6, 2021, Ms. Weiler made a written request that the Trees HOA provide her with reasonable accommodations for her disability by (1) performing necessary improvements to the common area stairs to make them safe for Ms. Weiler to traverse and moving the Unit's parking space to the upper level of the property for safer transit to the Unit; (2) providing alternative, safe access (such as a door and access ramp) on the northern side of the Unit so that Ms. Weiler does not have to use the 16 common-area stairs and moving the Unit's parking space to the upper level of the property for safer transit to the Unit; or (3) dropping its opposition to the Unit's status as a rental unit until such time as her leg returns to full function (likely at least 1 year). Ms. Weiler even offered to pay the costs of ground-level access to her Unit with a door and ramp.

17. The Board initially responded on August 13, 2021, stating it could neither grant nor refuse to comply with Ms. Weiler's request because the parties' respective legal rights and responsibilities were disputed and it was not clear whether the Board had authority to convert common areas for Ms. Weiler's exclusive use and/or whether the Board had authority to waive the provisions of The Trees Condominium Enabling Declaration Rental Amendment (prohibiting the rental of owner occupied units).

18. On or about September 8, 2021, despite Ms. Weiler's well-documented handicap from multiple healthcare professionals, the Board accused Ms. Weiler of having no handicap because others claimed to have seen Ms. Weiler using the stairs to her Unit on a few occasions.

19. On or about September 20, 2021, the Board provided a supplemental response regarding Ms. Weiler's request for reasonable accommodation. Therein, the Board agreed to allow Ms. Weiler to use the handicapped parking space in the upper-level parking area. However, the Board did not allow her exclusive use to the space. If the space was occupied by another vehicle, Ms. Weiler would have to use any other open, unassigned parking space. This was not a reasonable accommodation because, by law, Ms. Weiler was already allowed to use the handicap spot so long as she displayed a handicapped parking permit.

20. Additionally, the Board agreed to waive the terms of the Rental Amendment through December 31, 2022. However, because the Board believed that other unit owners may object to the waiver and sue, the Board conditioned their waiver on Ms. Weiler agreeing to defend and hold harmless the Trees HOA and the Board from any legal action that may result from the Board's agreement to provide reasonable accommodations to her.

21. On or about November 15, 2021, the Board further clarified its position on Ms. Weiler's request for the Trees HOA to provide an access ramp and side door on the northern side of the Unit. The Board determined that the side door and ramp would not be a reasonable accommodation.

22. To date, the Board has refused to grant any of Ms. Weiler's requests for accommodations without imposing unreasonable conditions.

23. As a result of Defendants' discrimination, Plaintiff suffered and continues to suffer damages, loss of housing opportunity, loss of civil rights, and severe emotional distress.

## IV.   CLAIMS FOR RELIEF

**A. FIRST CLAIM: Violation of 42 U.S.C. §3604(f)(1) – Intentional Discrimination**
**(As to All Defendants)**

24. Defendants, acting personally or through agents, have engaged in discriminatory housing practices at the Trees Condominium Community,

including refusing to allow Plaintiff the use and enjoyment of the common-area parking and stairs because of Ms. Weiler's disability, thereby making housing unavailable in violation of the Fair Housing Act.

25. Defendants refused to grant Ms. Weiler, a disabled person, a parking accommodation and alternative, safe access to her Unit because of her disabilities and have taken other adverse actions against Ms. Weiler because of her disability.

26. Defendants' discriminatory housing practices include discrimination against Plaintiff because of disability status in terms, conditions, or privileges of the availability and/or rental of her Unit and in the provision of services and facilities in connection with such dwelling at the Trees Condominium complex.

27. Plaintiff has suffered and continues to suffer economic and non-economic injuries as a direct and proximate result of Defendants' discriminatory housing, for which Plaintiff is entitled to relief under 42 U.S.C. §3613.

**B. SECOND CLAIM: Violation of 42 U.S.C. §3604(f)(2) – Discrimination in the Provision of Privileges Based on Disability (As to All Defendants)**

28. Plaintiff, a disabled person, is a member of a protected class.

29. Defendants, acting personally or through agents, refused to grant Ms. Weiler a parking accommodation and alternative, safe access to her Unit, as well as a rental accommodation because of her disabilities.

30. Defendants acted with discriminatory intent.

31. Plaintiff has suffered and continues to suffer economic and non-economic injuries as a direct and proximate result of Defendants' discriminatory housing, for which Plaintiff is entitled to relief under 42 U.S.C. §3613.

**C. THIRD CLAIM: Violation of 42 U.S.C. §3604(f)(3)(B) – Failure to Accommodate (As to All Defendants)**

32. Plaintiff Ms. Weiler's request for a parking spot in the upper level of the property for safer transit to the Unit is necessary for her to enjoy the use of her dwelling.

33. Plaintiff Ms. Weiler's request for alternative, safe access on the northern side of the Unit so that Ms. Weiler does not have to use the 16 common-area stairs is necessary for her to enjoy the use of her dwelling.

34. Ms. Weiler's parking accommodation and request for alternative, safe access on the northern side of the Unit will enhance her quality of life by allowing her to access her vehicle and her Unit despite her disabilities, which prohibit her from accessing her parking space at the bottom of a sloped driveway and climbing stairs.

35. Ms. Weiler's request in the alternative to allow her to rent her unit until such time as she is no longer disabled is necessary for her to have beneficial use of her dwelling, and such request will enhance her quality of life by allowing

beneficial use of her Unit while she is disabled and residing in an accessible dwelling.

36. Ms. Weiler's request for a parking spot in the upper level of the property; alternative, safe access on the northern side of her Unit; and/or allowance to rent her Unit for a limited amount of time, twelve months, is reasonable.

37. Ms. Weiler's request will not impose an undue financial and administrative burden on Defendants, nor does it require a fundamental alteration in the nature of their program.

38. Defendants repeatedly refused Ms. Weiler's request.

39. Plaintiff suffered and continues to suffer economic and non-economic injuries as a direct and proximate result of Defendants' discriminatory housing, for which Plaintiff is entitled to relief under 42 U.S.C. §3613.

**D. FOURTH CLAIM: Violation of RCW49.60.222(2)(b) – Refusal to Accommodate (As to All Defendants)**

40. Defendants, acting personally or through agents, have refused to make a reasonable accommodation in rules, policies, practices, or services by denying Ms. Weiler's request for a parking spot in the upper level of the property; alternative, safe access on the northern side of her Unit; and/or allowance to rent her Unit for a period of twelve months as an accommodation of her disabilities.

41. Defendants' actions have denied Ms. Weiler, a disabled individual, the equal opportunity to use and enjoy her dwelling.

42. Plaintiff has suffered and continues to suffer economic and non-economic injuries as a direct and proximate result of Defendants' violations of RCW 49.60.222(2)(b), for which Plaintiff is entitled to relief under RCW 49.60.225.

## V.   REQUEST FOR RELIEF

Plaintiff respectfully requests judgment be entered against Defendants as follows:

1. An order permanently enjoining Defendants from engaging in discriminatory housing practices and discrimination in making and enforcing the Trees Condominium Community's declaration, covenants, policies, and rules, either directly or through their agents, specifically enjoining Defendants from imposing different terms for the use and enjoyment of the premises to persons with disabilities;

2. An order directing Defendants and their agents to arrange for and attend, at Defendants' expense, training regarding the fair housing obligations of housing providers under applicable law;

3. An order directing Defendants and their agents to grant Ms. Weiler her requested parking and safe access accommodations, or, in the alternative, her

requested allowance to rent her unit;

4. A declaration that Defendants have violated the Fair Housing Act, 42 U.S.C. §§3601-3619, and the Washington Law Against Discrimination, RCW Ch. 49.60;

5. An award of damages in an amount to be proven at trial;

6. Pre-judgment and post-judgment interest to the maximum extent allowed by law;

7. Any other relief necessary to remedy violations of the law alleged herein and to prevent such violations from recurring; and

8. All other and further relief as this Court deems just and proper.

DATED this 10th day of February 2022.

LEVY | VON BECK | COMSTOCK | P.S.

*s/ Seth E. Chastain*
Seth E Chastain, WSBA No. 43066
*s/ Ryan C. Sobotka*
Ryan C. Sobotka, WSBA No. 51217
1200 Fifth Avenue, Suite 1850
Seattle, WA 98101
sechastain@levy-law.com
ryan@levy-law.com
T/F: 206.626.5444
*Attorneys for Plaintiff*